The STATE of Oklahoma, Appellant,

v.

Bob R. BRYAN, Appellee.

No. S–82–72.

Court of Criminal Appeals of Oklahoma.

May 24, 1983.

Robert H. Macy, Dist. Atty., Oklahoma County, Donald L. Easter, Asst. Dist. Atty., Oklahoma City, for appellant.

William D. Graves, Oklahoma City, for appellee.

## OPINION

CORNISH, Judge:

Appellee, Bob R. Bryan, was charged in Oklahoma County with the offense of Endeavoring to Conceal Bank Transactions With Intent to Defraud in violation of 6 O.S.1981, § 1409. The trial judge sustained Appellee's Motion to Quash and Dismiss prior to the commencement of trial. The District Attorney appeals from this ruling. We find that the District Court did not commit error and the ruling is therefore AFFIRMED.

Appellee, Bryan, was at the times pertinent herein president and chief executive officer of Crossroads State Bank in Oklahoma City, Oklahoma. A note was executed by Ceaf A. "Bud" Higgins to the bank on February 9, 1978 and was to be paid in 36 monthly installments. Bryan acted as the loan officer for this note. The evidence adduced at the preliminary hearing disclosed a conversation some six months after execution of the note wherein Higgins informed Bryan that the proceeds of the loan were used to pay a gambling debt and that the collateral for the note had been disposed of by its owner and that Higgins was not planning to pay off the note. The State's case rested on Bryan's statement to Higgins some six months following that conversation as related by the debtor in the following manner:

"Mr. Bryan called me one day and told me that the bank is being bought out and to be careful what I say to the people over there at the bank.

Higgins further related the following statement made by the appellee:

Well, don't go out there for at least two or three weeks... I've got stock in this bank... I don't want the water muddied up until I get my money out of it.

The statute alleged to have been violated is 6 O.S.1981, § 1409 and provides as follows:

It shall be unlawful for an officer, director, employee, attorney, or agent of a bank or trust company to conceal or endeavor to conceal any transaction of the bank or trust company from any officer, director or employee of the bank or trust company or any official or employee of the department to whom it should be properly disclosed.

The issue then is whether there was evidence that Bryan concealed or endeavored to conceal a transaction of the bank. The trial judge found that the State failed to show that a bank transaction was the subject of the endeavored concealment and that there was no evidence of concealment. The State assigns error to each finding.

The statute in question does not define the meaning of "transaction." Since it does not, the word must be understood in its ordinary sense in common language. 25 O.S.1981, § 1. *WEBSTER'S NEW COLLEGIATE DICTIONARY* (1980) defines transaction as "n. 1: an act, process, or instance of transacting 2 a: something transacted; esp: a business deal...." *Black's Law Dictionary* 1668 (4th ed. 1951) defines transaction as "Act of transacting or conducting any business; negotiation; management; proceeding; that which is done; an affair." (Citation omitted).

■ Since the statute has as its object a "transaction of the bank," we conclude that the drafters contemplated a business deal which would affect or bind the bank, one which would ultimately change the bank's financial position. Under the facts of the present case, there was no change in the bank's financial position as there was no business entered into by Bryan as a result of the related conversation.

Higgins was in default under the note and the collateral had been disposed of by a third party who owned it. The liability for the note was fixed when executed and did not change as a result of the conversations. Thus, the State's first assignment of error is without merit.

■ The State's second assignment of error is that Bryan made demand on Higgins to not divulge anything about the loan and that this constituted an endeavor to conceal. The concealment that the statute refers to is that of a transaction of the bank. Since we have ruled that the conversation submitted as evidence did not constitute a transaction, we hold that there was no error in the trial court's second finding. The transaction or deal involved is that of the note executed by Higgins to the bank.

Accordingly, the judgment of the trial court is AFFIRMED.

BUSSEY, P.J., and BRETT, J., concur.